## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____


TYSON KOPP,

   Plaintiff,

v.

JOHN SCARFF HORNUNG,
MILBA JEAN HORNUNG, and
MCA MANAGEMENT COMPANY, a Missouri corporation,

   Defendants.

---

### COMPLAINT AND JURY DEMAND

---

### PARTIES

1. Plaintiff Tyson Kopp is a citizen of Colorado who presently resides at the following address: 1618 S. Corona St, Denver, CO 80210

2. Defendant one is John Scarff Hornung is a citizen of Missouri who lives at the following address: 7816 Evergreen Drive, Cedar Hill, Missouri 63016.

3. Defendant two is Melba Jean Hornung is a citizen of Missouri who lives at the following address: 7816 Evergreen Drive, Cedar Hill, Missouri 63016.

4. Defendant three is MCA Management Company is a Missouri corporation operating from an address of PO Box 480, High Ridge, Missouri 63049 and conducts business in Denver, Colorado.

## JURISDICTION AND VENUE

5. Jurisdiction is asserted pursuant to following statutory authorities: under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 et seq.

6. Venue is proper in this District.

7. The acts and transactions occurred in this District.

8. The Plaintiff resides in this District.

9. The Defendant transacts business in the Judicial District

## FACTUAL ALLEGATIONS

10. On or about October 2, 2013 the Defendant began collection efforts against the Plaintiff.

11. The alleged debt that the Defendant is attempting to collect stems from medical services that are in default.

12. The Plaintiff disputes the debt.

13. The underlying debt that the Defendant is attempting to collect stems from a debt which was a debt falling within the meaning of personal, family or household expenses and thus a debt under the FDCPA, 15 U.S.C. §1692a(5).

14. On February 21, 2014 the Defendant reported the debt to the TransUnion consumer reporting agency.

15. The information that was being furnished by the Defendant to the consumer reporting agency was damaging the Plaintiff's credit score.

16. On October 24, 2013, the Plaintiff sent a registered letter to the Defendant disputing the debt from MCA Management Company in the amount of $172.50 and demanding that the debt collector not have any contact with him.
17. The Defendant received the letter described above.
18. Notwithstanding notice from the consumer that the debt was disputed, the Defendant continued supplying negative credit information to TransUnion reporting that the Plaintiff owes the $172.50 debt.
19. The Defendant had knowledge that Debt was disputed on October 29, 2013 when it signed for and received the certified letter sent by the Plaintiff.
20. After February 21, 2014 when the Defendant communicated information regarding the debt, including the name of the original creditor on the Debt and the balance due on the debt to TransUnion he Defendant did not communicate to TransUnion that the debt was disputed.
21. The information communicated to TransUnion by the Defendant after February 21, 2014 regarding the debt conveyed information regarding the debt directly or indirectly to TransUnion.
22. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdof, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp.1320, 1331 (D.Utah 1997).

23. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

24. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

25. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011)

26. "Because the FDCPA is a 'strict liability statute,' Plaintiff need only demonstrate 'one violation of its provisions' to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

27. The conduct of the debt collector Defendant is harassing, abusive and oppressive and thus in violation of the FDCPA, see 15 U.S.C. §1692d.

28. The communication and action by the Defendants is an effort to collect a debt and constitutes numerous violations of the provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692g, 1692e(14), 1692f and 1692f(1) amongst others.

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681s-2(b)

32. Plaintiff realleges and incorporates paragraphs 1-31 above as if fully set out herein.

33. Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)

   a. By continuing to the representation within Plaintiff's credit file with Equifax without also including a notation that this debt was formally disputed;

   b. By failing to review all relevant information regarding same;

   c. By failing to permanently and lawfully correct its own internal records to prevent the re-reporting of these representations to the consumer reporting agencies.

   d. By reporting a negative key to Equifax in the posting of the account.

34. As a result of this conduct, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o. Plaintiff is claiming the actual damages to be $10,000.

36. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## CLAIM AGAINST DEFENDANTS JOHN SCARFF HORNUNG AND MELBA JEAN HORNUNG

37. Plaintiff realleges and incorporate paragraphs 1-36 above as if fully set out herein.

38. As principals of MCA, Defendants one and two are actively involved in establishing guidelines and principles that MCA's employees use to collect debts.

39. Specifically, Defendants one and two  authorized, designed, and approved all collection practices wherein Defendant MCA provided negative information to the credit bureaus even though Plaintiff lawfully disputed the debt and demanded validation.

40. Defendants one and two authorized and approved of all of Defendant MCA's collection activity referenced in this complaint.

41. Defendants one and two and Defendant MCA's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular telephone charges, anxiety, sleeplessness, worry, loss of availability of credit, and an inability to obtain credit due to the negative information illegally furnished by Defendants.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1. For compensatory damages;
2. For statutory damages;
3. For punitive damages;
4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;
5. For pre-judgment interest to the extent permitted by law;
6. For an award of attorney's fees, costs and expenses incurred in the investigation, filling and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,
s/ Andrew G. Guetzkow
**_Andrew G. Guetzkow_**
Law Office of Andrew G. Guetzkow
PO Box 102726
Denver, Colorado 80250
3518 S. Ouray Circle

Aurora, Colorado 80013
(303) 877 0142
E-mail: andrewg.legal@gmail.com
**Attorney for Plaintiff**