**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLROADO**

Civil Action No.: 1:14-cv-3317-RPM

TYSON KOPP,

    Plaintiff,

v.

JOHN SCARFF HORNUNG,
MILBA JEAN HORNUNG, and
MCA MANAGEMENT COMPANY, a
Missouri Corporation,

    Defendants.

### ORDER DISMISSING ACTION

Defendants John Scarff Hornung, Melba[1] Jean Hornung, and MCA Management Company ("MCA")(collectively, "Defendants") move to dismiss this action for lack of personal jurisdiction pursuant to Fed.R.Civ.P12(b)(2). ECF. DOC. 12.

### I.  Factual Background

MCA is a Missouri corporation in the business of collecting financial obligations. The individually-named Defendants are Missouri citizens who own MCA. Plaintiff lived in St. Louis, Missouri until July, 2013, when he moved to Denver, Colorado. Plaintiff's Complaint asserts that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") in MCA's attempt to collect a debt Plaintiff allegedly owed to Western Anesthesiology. By way of collection effort, MCA attempted to reach Plaintiff at Missouri telephone numbers and sent a single letter addressed to Plaintiff at a Missouri address.

---

[1] Plaintiff's Complaint misspells Mrs. Hornung's first name as "Milba."

## II.      Fed.R.Civ.P12(b)(2) Standards

Fed.R.Civ.P. 12(b)(2) provides for the dismissal of an action due to lack of personal Jurisdiction.  A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F. 3d 1244, 1247 (10th Cir. 2000).  "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir.1999)(internal quotation marks omitted).  "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D.Colo.1993) (citing *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 574 P.2d 95, 96 (1978)).

The Tenth Circuit's opinion in *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1089 (10th Cir.1998) sets forth the well-established constitutional analysis for personal jurisdiction:

> The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985). Therefore, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The requirement that "minimum contacts" be present protects a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit far from home in a forum where the substantive and procedural laws may be quite different from those with which the litigant is familiar. *See id*. at 292....
>
> The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a

2

> nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. at 472 (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984).

*Id*. at 1090-91.

If minimum contacts with the forum state are established, the Court must then determine whether exercising jurisdiction comports with "traditional notions of fair play and substantial justice." *Melea, Ltd v. Jawer Sa*, 511 F.3d 1060, 1065-66 (10th Cir. 2007)(citations omitted). This inquiry asks "whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *OMI*, 149 F.3d at 1091. Reasonableness is informed by assessing the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Id*. at 1095. The analyses of minimum contacts and reasonableness are "complementary" such that the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. *Benton v. Cameco Corp*., 375 F.3d 1070, 1073 (10th Cir. 2004)).

### III. Analysis

Considering first a basis for general jurisdiction, the Court finds none. "General jurisdiction is based on an out-of-state defendant's 'continuous and systematic' contacts with the forum state." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc*., 514 F.3d 1063, 1070 (10th Cir. 2008).

According to the affidavit of Julie Repa, MCA's Compliance Manager, MCA does not collect in Colorado and is not licensed as a Collection Agency in Colorado. Exhibit A, *Affidavit of J. Repa*, ¶¶ 2, 4. Furthermore, MCA does not conduct any business in Colorado and does not generate any revenue from any Colorado resident. *Id.*, ¶ 6. Mr. and Mrs. Hornung are the elderly owners of MCA who do not participate in the day-to-day activities of MCA and who did not participate in the attempts to collect Plaintiff's account. These facts do not show that Defendants have "continuous and systematic" contact with Colorado such that general jurisdiction principles can be invoked.

Specific jurisdiction is also unavailable. MCA's collection efforts were slight and all directed towards Plaintiff's Missouri contact information. MCA's sole missive to Plaintiff was addressed to a Missouri P.O. Box and not returned as undeliverable. *See Exhibit A,* ¶ 15. The address information was provided by the original creditor, and in the event a creditor sends MCA an account that is associated with a consumer who resides in a state wherein MCA does not collect, the account is automatically blocked such that no collection activity will occur on the account. Exhibit A, ¶¶ 16-17. After MCA received a letter from Plaintiff on or about October 29, 2013 stating, *inter alia*, that he "disputed" the account, MCA reported the account as "disputed" on its next credit reporting cycle. Exhibit A, ¶¶ 18-19; Exhibit D, *Computer Screen Printout*. Plaintiff's account was then closed, and no additional attempts to collect upon the account were made. Exhibit A, ¶ 21. At no time did MCA obtain or review Plaintiff's credit report. *Id.*, ¶ 20. At no time did Defendants attempt to collect from Plaintiff in Colorado. *Id.*, ¶ 22, 25-26. No fact or combination of facts support a finding that Defendants "purposefully" directed any collection activities in the State of Colorado. Accordingly, there are no minimum

contacts and there is no need to consider whether the exercise of specific personal jurisdiction over Defendants would offend "traditional notions of fair play and substantial justice."

Upon the foregoing, this civil action is DISMISSED for lack of personal jurisdiction, each side to pay their own costs. There being no basis to award Defendants attorney fees, Defendants request for the same is denied.

DATED:      February 11, 2015

                                                              BY THE COURT:

                                                              *s/Richard P. Matsch*

                                                              Richard P. Matsch
                                                              Senior District Judge